# IN THE COURT OF APPEALS OF TENNESSEE

## MIDDLE SECTION

## AT NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| The Outdoor Source, Inc., | ) | |
|     Plaintiff/Appellant, | ) | Appeal No. |
| | ) | 01-A-01-9702- CH-00053 |
| v. | ) | |
| | ) | Chancery Court No. |
| Outdoor Entertainment, Inc., | ) | 95-2732-I |
|     Defendant/Appellee. | ) | |

**FILED**

**October 3, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## ORDER

This court entered an order on 13 August 1997 in the above styled case. Defendant/appellee, Outdoor Entertainment, Inc. ("OEI"), filed a petition for rehearing on 25 August 1997. It is the opinion of this court that the petition should be denied.

OEI argues the parties were not heard on the issue of whether the contract contained an unequivocal provision. To the contrary, plaintiff/appellant, The Outdoor Source, Inc. ("TOSI"), raised this issue in its initial brief. OEI had the opportunity to respond in its brief and during oral argument.

OEI also argues our conclusion that section 11(a) constituted an unlawful forfeiture and our reliance on *Quinnan*[1] are contradictory. Specifically, OEI states: "*Quinnan* held that parties may agree that no commissions will be paid after a salesperson's employment is terminated, so long as such agreement is 'unequivocal.' However, the Court's holding that this contract - even if unequivocal - would work a forfeiture against TOSI is inconsistent with *Quinnan* and *Winkler*.[2]" This court did not hold that an unequivocal agreement would have operated as a forfeiture. Instead, this court decided based on our earlier conclusion that the Agreement did not contain an unequivocal expression that OEI's interpretation of section 11(a) constituted a forfeiture. Despite OEI's assertions to the contrary, this court did not address the

---

[1] *Quinnan v. American Hosp. Supply Corp.*, No. 85-195-II, 1985 WL 4076 (Tenn. App. 29 Oct. 1985).

[2] *Winkler v. Fleetline Prods., Inc.*, 859 S.W.2d 340 (Tenn. App. 1993).

issue of whether there would have been a forfeiture if section 11(a) unequivocally denied TOSI post-termination commissions.

We have considered all remaining arguments raised by OEI and find them to be without merit.

Therefore, it follows that the petition for rehearing is hereby denied. Costs of this petition are taxed against petitioner/appellee, Outdoor Entertainment, Inc.

Enter this the _____ day of September 1997.

_____
HENRY F. TODD, PRESIDING
    JUDGE, MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE